# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JEFFREY BREWER,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-250**       (JCN: 2022020832)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey Brewer appeals the May 10, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") timely filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the addition of contusion of the abdominal wall, left hip pain, right knee pain, and left flank pain as compensable conditions in the claim, and denied authorization for an upper endoscopy and colonoscopy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is affirmed, in part, and reversed, in part.

On April 14, 2022, Mr. Brewer sustained a work-related injury when a rock fell from the ceiling of the mine where he was working and struck him on the back. Mr. Brewer presented to the emergency room ("ER") on April 16, 2022, complaining of pain in his back, flank, and ribs. Mr. Brewer denied any nausea, vomiting, or diarrhea, and a CT scan of Mr. Brewer's abdomen revealed no evidence of acute traumatic injury but did indicate status post-cholecystectomy and stable splenomegaly. Mr. Brewer and the ER staff completed an Employees' and Physicians' Report of Occupational Injury form, and the physicians' portion of the form included diagnoses of a contusion and hematoma of the back. By order dated May 4, 2022, the claim administrator held the claim compensable for "contusion of unspecified back wall of thorax."

---

[1] Mr. Brewer is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

1

About three weeks after the injury, on May 7, 2022, Mr. Brewer underwent a CT scan of his abdomen due to his complaints of abdominal pain, nausea, vomiting, and history of trauma. The CT scan revealed no acute process. Subsequently, on May 12, 2022, Mr. Brewer sought treatment from Alan Hess, M.D., and complained of abdominal pain, diarrhea, and nausea following his work-related injury. Dr. Hess noted that the two CT scans of Mr. Brewer's abdomen revealed no abnormalities other than chronic splenomegaly. Dr. Hess stated, "I do not know really what is going on I really cannot explain the continued nausea and generalized abdominal discomfort and particularly I cannot explain the diarrhea either." Dr. Hess diagnosed Mr. Brewer with abdominal pain of unclear etiology, nausea, vomiting, and a contusion of the back.

Mr. Brewer sought treatment from Mark Johnson, M.D., on May 16, 2022, and reported ongoing, but resolving abdominal pain. Mr. Brewer stated that he continued to have nausea, vomiting, and diarrhea following his work-related injury. Dr. Johnson expressed concern that Mr. Brewer could have developed gastritis "as a consequence of his injury, change in habits, and chronic Voltaren use." Dr. Johnson requested authorization for an upper endoscopy and colonoscopy. By order dated June 2, 2022, the claim administrator denied the request, finding that it was not related to the compensable diagnosis in the claim. Mr. Brewer protested the order. On June 3, 2022, Mr. Brewer underwent an endoscopy and colonoscopy performed by Dr. Johnson and paid for by his personal insurance. The post-operative diagnosis was mild gastritis and diverticulosis.

Mr. Brewer returned to see Dr. Hess on June 29, 2022, for an annual preventive wellness exam. Mr. Brewer reported that his symptoms were improving and denied any nausea or vomiting. Mr. Brewer saw Dr. Hess again on October 31, 2022. Dr. Hess explained that Mr. Brewer sustained a work-related injury in which he was struck by a rock and trapped against a machine, hitting his left flank and left abdominal wall. Dr. Hess added that Mr. Brewer developed swelling and a large hematoma in the area and noted that Mr. Brewer continued to have pain in the left upper abdominal wall. Dr. Hess opined, "I am not real sure of the cause of this chronically but suspect it is related to the injury." Dr. Hess diagnosed contusion of the abdominal wall, left hip pain, right knee pain, and right flank pain, and he completed a Diagnosis Update form requesting to add these conditions to the claim. By order dated November 8, 2022, the claim administrator denied Dr. Hess' request to add contusion of the abdominal wall, left hip pain, right knee pain, and left flank pain as compensable conditions in the claim. Mr. Brewer protested the order.

In the ensuing litigation, several medical records were submitted into evidence, which detailed Mr. Brewer's chronic, preexisting gastrointestinal issues. For example, in January of 2016, Mr. Brewer's medical records indicated a secondary diagnosis of gastro-esophageal reflux disease ("GERD"). Records from August of 2019 indicated that Mr. Brewer sought treatment for vomiting, nausea, and diarrhea, and his secondary diagnoses included diarrhea, fatigue, GERD, long term use of oral hypoglycemic drugs, and other long-term drug therapy. Records from October of 2019 indicated that Mr. Brewer

underwent an esophagogastroduodenoscopy ("EGD") and a colonoscopy, and the post-operative diagnosis was gastritis.

On November 10, 2022, Mr. Brewer testified via deposition. Mr. Brewer denied having stomach issues or diarrhea prior to his work-related injury. He testified that he continued to have issues such as muscle spasms and diarrhea, especially with heavy lifting. He stated that he developed bruising on his left side and around his stomach following the incident and that his abdomen was tender. Mr. Brewer stated that he currently has residual left hip pain and right knee pain due to changing the way he walked following the injury and tenderness in his stomach.

Subsequently, Prasadarao Mukkamala, M.D., authored a record review report on January 3, 2023. Dr. Mukkamala opined that there was no evidence of injury to the abdominal wall and, as such, a contusion to the abdominal wall did not result from the work-related injury. Dr. Mukkamala also opined that left hip pain, right knee pain, and left flank pain were symptom complexes, not specific conditions, and, further, there was no evidence of injury to those body parts at the time of the compensable injury. Dr. Mukkamala recommended against authorizing the endoscopy and colonoscopy, noting they were not required because of the compensable injury. Dr. Mukkamala stated that there was no evidence that Mr. Brewer sustained any injury to his abdomen and, therefore, there was no indication for an endoscopy or colonoscopy as it relates to the compensable injury.

By order dated May 10, 2023, the Board affirmed the claim administrator's November 8, 2022, order, which denied the addition of contusion of the abdominal wall, left hip pain, right knee pain, and left flank pain as compensable conditions in the claim, and its June 2, 2022, order, which denied authorization for an upper endoscopy and colonoscopy. The Board found that left hip pain, right knee pain, and left flank pain were all properly denied as compensable conditions as they were symptoms and not medical diagnoses. *See Whitt v. US Trinity Energy Servs., LLC*, No. 20-0732, 2022 WL 577587, at * 3 (W. Va. Feb. 25, 2022) (memorandum decision) ("This Court has consistently held that pain is a symptom, not a diagnosis.").

The Board further found that the medical evidence did not support a finding that a contusion of the abdominal wall was causally related to the compensable injury. The Board noted that a CT scan performed following the compensable injury revealed no acute traumatic injury to the abdominal wall, and the ER physician did not diagnose a contusion to the abdominal wall. The Board noted that Mr. Brewer was not diagnosed with a contusion of the abdominal wall until six months after the date of injury, which also indicated that it was not related to the compensable injury.

Lastly, the Board found that the evidence did not support a finding that the endoscopy and colonoscopy were medically necessary treatments for a contusion of the back wall of the thorax, the only compensable condition in the claim. The Board noted that

Dr. Mukkamala opined that the request for these procedures was not causally related to the compensable injury. The Board further noted that the record does not contain a compensable gastrointestinal condition. Moreover, Dr. Johnson requested the endoscopy and colonoscopy due to Mr. Brewer's complaints of nausea, vomiting, and diarrhea, which were symptoms, not diagnoses. These procedures were performed and revealed no evidence of traumatic injury but, rather, showed gastritis and diverticulosis. The Board found that the medical evidence did not contain any evidence linking diverticulosis to the compensable injury and the evidence indicated that a diagnosis of gastritis preexisted the claim. Given the foregoing, the Board concluded that the claim administrator did not err in denying the addition of contusion of the abdominal wall, left hip pain, right knee pain, and left flank pain as compensable conditions in the claim, and denying authorization for an upper endoscopy and colonoscopy. Mr. Brewer now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Brewer raises two assignments of error. Mr. Brewer first argues that the Board erred in affirming the claim administrator's order which denied the addition of contusion of the abdominal wall, left hip pain, right knee pain, and left flank pain as compensable conditions in the claim. Mr. Brewer states that he developed these symptoms and conditions following the compensable injury, and that Dr. Hess completed the Diagnosis Update form and indicated that they were a result of the compensable injury. Mr. Brewer contends that the causal connection between his injuries and his employment is evident because "the pain and limitations he currently experiences are located in the exact same areas that he suffered a significant contusion and muscular damage to at the

4

time of his work injury." Mr. Brewer acknowledges that pain is a symptom, not a diagnosis, but claims that they should be added as an "exception to the rule against symptoms" since they most accurately describe his condition. Regarding the contusion to the abdominal wall, Mr. Brewer argues that photographs submitted into evidence show bruising and support the diagnosis of a contusion to the abdominal wall.

Upon review, we conclude that the Board did not err in denying the addition of left hip pain, right knee pain, and left flank pain as compensable conditions in the claim as they are symptoms, not diagnoses. *See, e.g., Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim); *Owens v. Bundy Auger Mining, Inc.*, No. 20-0664, 2022 WL 10218876, at *3 (W. Va. Oct. 18, 2022) (memorandum decision) (holding that thoracic pain and muscle spasms are symptoms, not diagnoses, and therefore cannot be added to the claim); *Whitt v. U.S. Trinity Energy Serv., LLC*, No. 20-0732, 2022 WL 577587, at *3 (W. Va. Feb. 25, 2022) (memorandum decision) (holding that because no physician has made a specific diagnosis in regard to the shoulders other than pain, they cannot be added to the claim).

However, we find that the Board committed clear error in affirming the claim administrator's order insofar as it denied the addition of a contusion to the abdominal wall to the claim based upon the photographs submitted into evidence, which corroborate Dr. Hess' October 31, 2022, report in which he diagnosed a contusion to the abdominal wall. We first note that the Board's findings of fact regarding the photographs submitted into evidence are entirely inadequate. Other than stating that the photographs were reviewed, the Board completely fails to provide any description of the photographs or its impression of the contents of the photographs. These photographs were important pieces of evidence given that they showed the contusions/bruising Mr. Brewer sustained as a result of his compensable injury and they warranted more detailed findings than a solitary sentence stating they had been reviewed. Accordingly, we find that the Board's findings of fact are incomplete as they did not include any summarization of the photographs, leading us to conclude that the Board erroneously failed to consider the photographs in rendering its decision on compensability in this claim.

Upon reviewing the photographs, we conclude that Mr. Brewer sustained a contusion to his abdominal wall in the course of and as a result of his employment. The photographs show a contusion to the back, which was held compensable. However, the photographs further reveal that the contusion stretches around Mr. Brewer's side and to the front of his abdomen. While the Board is correct that the ER staff had not diagnosed a contusion of the abdominal wall, a CT scan showed no acute injury to the abdomen, and Dr. Hess did not diagnose the contusion for approximately six months following the injury, the photographs reveal the true extent of Mr. Brewer's contusions, which clearly extend to his abdomen.

The standard for the addition of a new condition to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). When considering the photographs in conjunction with Dr. Hess' October 12, 2022, report, and the fact that the claim has been held compensable for a contusion of the back wall of the thorax, which is seen in the same photographs as the contusion to the abdomen, we conclude that Mr. Brewer sustained a contusion to the abdominal wall in the course of and as a result of his employment. Accordingly, we find that the Board clearly erred in affirming the claim administrator's order and denying the addition of a contusion to the abdominal wall to the claim.

Turning to Mr. Brewer's second assignment of error, he argues that the Board erred in affirming the claim administrator's order which denied authorization for an endoscopy and colonoscopy. Mr. Brewer contends that he immediately developed nausea, vomiting, and diarrhea following his work-related incident and was appropriately referred to Dr. Johnson after his treating physician could not determine the etiology of his symptoms. As noted by Mr. Brewer, Dr. Johnson opined that Mr. Brewer may have developed gastritis "as a consequence of his injury, change in habits, and chronic Voltaren use." Mr. Brewer argues that Dr. Johnson correctly recommended an endoscopy and colonoscopy to assess whether an injury had occurred to Mr. Brewer's internal organs that a CT scan had not identified, and that the Board erred in relying on Dr. Mukkamala's opinion as opposed to the authorized treatment providers. Mr. Brewer avers that the requested procedures were clearly reasonable and medically necessary and should have been authorized. While Mr. Brewer admits that he has a history of GERD and gastritis, he argues that the last time he sought treatment for either was in 2019 and that he did not experience symptoms again until after his compensable injury. We disagree.

We find that Mr. Brewer failed to demonstrate that the Board's findings and conclusions were clearly wrong with respect to the issue of the treatment he requested. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in denying authorization for an endoscopy and colonoscopy.

West Virginia Code § 23-4-3(a)(1) (2005) provides that the claim administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. Here, a contusion to the back wall of the thorax and, as noted above, a contusion of the abdominal wall are compensable conditions in the claim. The endoscopy and colonoscopy were requested by Dr. Johnson based upon Mr. Brewer's nausea, vomiting, and diarrhea

symptoms. However, there are no gastrointestinal conditions that are compensable in the claim, and there is no evidence that any treatment provider has requested that a gastrointestinal condition be added to the claim. Further, there is no evidence showing a causal connection between Mr. Brewer's gastrointestinal symptoms and the compensable injury other than Dr. Johnson's brief, unsupported statement that the gastritis could be a "consequence of his injury, change in habits, and chronic Voltaren use." Dr. Johnson provided no explanation for his statement, nor did he demonstrate a causal link between the symptoms and the compensable injury. Moreover, Mr. Brewer has a significant preexisting history of gastrointestinal conditions, including gastritis and GERD. Given the foregoing, we are unable to conclude that the Board erred in affirming the denial of authorization for an endoscopy and colonoscopy.

Accordingly, we affirm the Board's May 10, 2023, order insofar as it denied authorization for an endoscopy and colonoscopy and denied the addition of pain as a compensable condition in the claim. However, we reverse the Board's May 10, 2023, order insofar as it denied the addition of a contusion to the abdominal wall to the claim and find that diagnosis to be compensable.

Affirmed, in part, and Reversed, in part.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

7